## Case No. 14,185.

### TROOST et al. v. BARNEY.

[5 Blatchf. 196.] [1]

Circuit Court, S. D. New York.    Nov. 23, 1863.

CUSTOMS DUTIES—GUNNY CLOTH—MANUFACTURE OF JUTE.

Gunny cloth, known in commerce by that name, and being a manufacture of jute, is, under the tariff act of July 14, 1862 (12 Stat. 554) liable to duty, under the fifth subdivision of the tenth section, as a manufacture of jute, and is not liable to duty under the eleventh section, as cotton bagging, or as a manufacture not otherwise provided for, "suitable for the uses to which cotton bagging is applied," although used for re-baling cotton.

[Cited in Lane v Russell, Case No. 8,053.]

This was an action [by Abraham Troost] against [Hiram Barney] the collector of the port of New York, to recover back an alleged excess of duties paid, under protest, on an importation of gunny cloth from Calcutta, in September, 1862.

Sidney Webster, for plaintiffs.

E. Delafield Smith, Dist. Atty., for defendant.

NELSON, Circuit Justice. The duty charged in this case was a specific duty, under the eleventh section of the act of July 14, 1862 (12 Stat. 554), the appraisers having added to the words, "gunny cloth," the words, "suitable for the uses to which cotton bagging is applied." The plaintiffs claim that the duty should have been charged at thirty per cent. ad valorem. The fifth subdivision of the tenth section of the act of July 14, 1862, provides for an additional duty of five per cent. ad valorem "on all brown or bleached linens, ducks, canvas paddings," &c., "or other manufactures of flax, jute, or hemp," &c., which five per cent., when added to the previous duty to which this is an addition, makes the duty thirty per cent. ad valorem. Gunny cloth is a manufacture of jute, and, therefore, comes directly within the terms of this clause of the section. The eleventh section provides for an additional duty "on cotton bagging, or other manufactures not otherwise provided for, suitable for the uses to which cotton bagging is applied, whether composed in whole or in part of hemp, jute, or flax, or any other material valued at less than ten cents per square yard, three-fourths of one cent per pound; over ten cents per square yard, one cent per pound." The insuperable difficulty of bringing gunny cloth within the eleventh section is, that the article of gunny cloth is expressly provided for,

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

as we have seen, in a clause of the previous section. In this eleventh section, the words are, "or other manufactures not otherwise provided for," suitable, &c. The argument on behalf of the government ignores this phrase, and treats it as having no meaning, as it respects manufactures of jute, before provided for. But this will not do. The principle, if established and acted upon, would derange the whole system of the tariff, as the phrase, "not otherwise provided for," is common, and excludes from the given enactment a multitude of articles. It appeared, on the trial, that gunny cloth had always been known in commercial dealings by that name, and was purely a manufacture of jute; and that latterly, since the price of cotton had risen, it had been used for rebaling cotton, as any other heavy article of goods would be used. In the bale of cotton, the weight of the covering per pound would be of equal value to a pound of cotton. So, since the high price of wool, gunny cloth is used for baling wool, for the same reason. It was suggested, that the articles might be brought under the head of cotton bagging; but the difficulty is, it is not known in the market by that commercial designation, but by the designation of gunny cloth, a manufacture of jute. I am satisfied, upon a full consideration of the statute and of the facts, that the plaintiffs are entitled to recover.